IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Latisha Lenius, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No.: |
| v. ) | |
| ) | **COMPLAINT** |
| Darin Viken, individually; Jesse Jahner, ) | |
| individually and in his capacity as ) | |
| Cass County Sheriff; and Cass County, ) | **DEMAND FOR JURY TRIAL** |
| North Dakota, ) | |
| ) | |
| Defendants. ) | |

## INTRODUCTION

1. This is an action for compensatory and punitive damages alleging both federal and state law claims against the defendants. The federal claims allege violations of the constitutional rights of plaintiff, Latisha Lenius, under the Eighth and Fourteenth Amendments to the United States Constitution and are brought pursuant to 42 U.S.C. § 1983. The state law claims are for personal injuries suffered by the plaintiff and are brought pursuant to Chapter 32-12.1 of the North Dakota Century Code. The federal and state law claims arise out of multiple incidents of sexual intimidation, sexual abuse, and sexual assault that defendant Darin Viken inflicted upon the plaintiff during the time she was ordered to participate in the 24/7 Sobriety Program as a part of her pretrial release conditions as well as her criminal punishment and sentences following judgments of conviction entered against her in Cass County, North Dakota. The injuries suffered by the plaintiff were due to the existence of a widespread and persistent pattern of

unconstitutional misconduct within Cass County's 24/7 Sobriety Program perpetrated against multiple female participants of the Program.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal constitutional claims alleged herein pursuant to 28 U.S.C. § 1331 in that this is a civil action for alleged violations of the plaintiff's civil rights arising under the Constitution and laws of the United States.

3. This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 in that the state law claims are part of the same case and controversy as the plaintiff's federal claims.

4. Venue is proper in the United States District Court, District of North Dakota, Eastern Division pursuant to 28 U.S.C. § 1391 in that: (1) one or more of the defendants reside therein; (2) the events giving rise to the plaintiff's claims occurred in the Eastern Division of the District of North Dakota, and (3) all events or omissions complained of occurred entirely within this district.

## PARTIES

5. Plaintiff Latisha Lenius is a United States citizen and resident of Cass County, North Dakota.

6. Defendant Darin Viken is a citizen and resident of Cass County, North Dakota. He is a "person" within the meaning of 42 U.S.C. § 1983 and was at all times relevant to this lawsuit acting under color of law for purposes of the federal constitutional claims alleged herein, and was at all times relevant to this lawsuit acting within the scope of his employment or office as a Cass County Deputy Sheriff and the Program Coordinator for the Cass County 24/7 Sobriety Program for purposes of the state law claims alleged herein. He is sued in his individual capacity.

7.      Defendant Jesse Jahner is a citizen and resident of Cass County, North Dakota. He is a "person" within the meaning of 42 U.S.C. § 1983 and was at all times relevant to this lawsuit acting under color of law for purposes of the federal constitutional claims alleged herein, and was at all times relevant to this lawsuit acting within the scope of his employment or office as the Cass County Sheriff for purposes of the state law claims alleged herein. He is sued in his individual and official capacity.

8.      Defendant Cass County, North Dakota, is a political subdivision under the laws of North Dakota, and is deemed a resident of Cass County pursuant to 28 U.S.C. § 1391(c)(2). Cass County is a "person" within the meaning of 42 U.S.C. § 1983 and was at all times relevant to this lawsuit acting under color of law for purposes of the federal constitutional claims alleged herein. Under state law, Cass County is liable for money damages for the injuries proximately caused by the negligence or wrongful act or omission of any employee acting within the scope of the employee's employment or office pursuant to N.D. Cent. Code § 32-12.1-03(1). Cass County is also liable under state law for any claims for personal injuries brought directly against it that were "caused by [it as] a political subdivision." N.D. Cent. Code § 32-12.1-02(1).

## FACTUAL ALLEGATIONS

9.      The 24/7 Sobriety Program is a North Dakota statewide program administered by the Attorney General in conjunction with local law enforcement agencies and the department of corrections and rehabilitation. See N.D. Cent. Code §§ 54-12-27 through 54-12-31. Pursuant to the 24/7 Sobriety Program, a "district or municipal court of this state may order an offender charged with a violation of section 39-08-01 [driving under the influence (DUI)] or equivalent ordinance . . . to participate in the twenty-four seven sobriety program[.]" N.D. Cent. Code § 54-12-31.

10.     Defendant Viken was the Program Coordinator of the 24/7 Sobriety Program in Cass County starting some time before November 25, 2023, and continuing up until his termination from employment with Cass County on or about July 22, 2024.

11.     Starting on or about November 25, 2023, and continuing up until defendant Viken's termination from employment with Cass County on or about July 22, 2024, and beyond, plaintiff Latisha Lenius was ordered to participate in the 24/7 Sobriety Program as a part of her pretrial release conditions as well as her criminal punishment and sentences following judgments of conviction entered against her in Cass County, North Dakota, for DUI violations of Section 39-08-01 of the North Dakota Century Code or equivalent municipal ordinances such as West Fargo Ordinance 13-0203.

12.     As part of her required participation in the 24/7 Sobriety Program, plaintiff Latisha Lenius was obligated to report frequently to the Cass County Correctional Center to demonstrate that she was complying with the conditions of her pretrial release, criminal punishment and sentences.

13.     During the times that plaintiff Latisha Lenius was required to report to the Cass County Correctional Center as part of her pretrial release, criminal punishment and sentences, she was under the official custody, care, control and supervision of defendants Viken, Jahner, and Cass County. The restraints on plaintiff Latisha Lenius's liberty were similar to or indistinguishable from the continuing supervision to which someone on parole or probation is subject as a part of a criminal judgment of conviction and punishment, in that if she were to fail to comply with the requirements of the 24/7 Sobriety Program she could be subject to further criminal punishment. The restraints on her liberty were, as the name of the Program implies, essentially in effect for twenty-four hours a day, seven days a week.

14.     Between November 2023 and July 2024, defendant Viken used and abused his position of authority over plaintiff Latisha Lenius to commit multiple acts of sexual intimidation, sexual abuse, and sexual assault against her. Defendant Viken's conduct was consistent with that of a sexual predator, in that he took efforts to gain Latisha's trust with attention, to isolate her, and to exploit her emotional dependency by asking intrusive questions about inappropriate personal private matters. Using his position of authority over her, defendant Viken's predatory sexual behavior and grooming escalated from making inappropriate comments and acts of a sexual nature, to taking Latisha's phone from her to look for nude photos or sexually suggestive messaging, to forcing her to expose her breasts to him, and ultimately forcing her to expose her vagina to him. For example, defendant Viken would take the straw used for taking breath tests and put it in and out of Latisha's mouth to make it seem like it was a blowjob, would make inappropriate sexual comments about Latisha's appearance and body, would demand to see Latisha's "tits" and "pussy", including commanding her to the "corner" on multiple occasions (where cameras were not able to capture the behavior) to show him her "tits" or "pussy," and after getting his way by saying things like "when am I going to get a piece of that," pushing the boundaries to the next level after forcing compliance for his inappropriate sexual requests. The abuse got so bad that Latisha brought her 6 year old son along for several of the visits to try to prevent defendant Viken from acting in an abusive manner. Defendant Viken showed that he understood the inappropriate nature of his behavior by saying "I suppose you brought him so I wouldn't harass you." Video from one interaction shows defendant Viken giving Latisha's son a hug after the compliance visit was complete, which was likely an attempt to keep Latisha from bringing her son again.

15.     Defendant Viken's grooming and sexual misconduct against plaintiff Latisha Lenius took place within the authorized time and space limits of his employment with Cass County, while he was performing acts of the kind he was employed to perform as the Program Coordinator of the 24/7 Sobriety Program, which included determining whether participants in the Program were complying with the conditions of their pretrial release conditions or criminal punishment and sentences.

16.     Defendant Viken took advantage of flaws and deficiencies in defendant Jahner's and defendant Cass County's implementation of the 24/7 Sobriety Program to perpetrate these multiple acts of sexual misconduct against the plaintiff, Latisha Lenius. The flaws or deficiencies in defendant Jahner's and Cass County's implementation of the 24/7 Sobriety Program included (but are not limited to) the following: (1) failing to monitor and/or spot check Viken's conduct with Latisha Lenius and female participants of the County's 24/7 Sobriety Program by use of a body camera worn during all interactions with Defendant Viken, (2) failing to monitor all areas of the Cass County Correctional Center with cameras; (3) failing to have sound on the cameras that were present in order to monitor interactions by audio if not video; (4) permitting defendant Viken, a male correctional officer, to be alone with Latisha and other female participants of the County's 24/7 Sobriety Program and thereby facilitating defendant Viken's inappropriate behavior; (5) failing to monitor defendant Viken's supervision of the County's 24/7 Sobriety Program to ensure that he was not acting inappropriately; and (6) ignoring signs of the inappropriate relationships defendant Viken was trying to develop or had developed with Latisha and other female participants in the County's 24/7 Sobriety Program. In addition, the area used for the County's 24/7 Sobriety Program had previously been used for the County's work release program. Under the County's work release program, it may be appropriate to have a location that

6

was not monitored by cameras to allow for private strip searches of work release prisoners returning to jail. Defendants Jahner and Cass County were aware that after work-release ended, no penological purpose justified leaving this area unmonitored. Defendant Viken took advantage of this failure to force Latisha into the "corner" that was not monitored by cameras. Defendants Jahner and Cass County knew or should have known that the "corner" not monitored by cameras could be used inappropriately for exactly what defendant Viken did.

17. On March 16, 2021, Sheriff Jesse Jahner publicly announced that the Cass County Sheriff's Office had equipped deputies "within the field service division" with Axon body-worn cameras, explaining that the cameras would "increase transparency," promote "high accountability standards," and "assist in gathering and obtaining evidence needed to successfully prosecute criminal cases." Despite this county wide rollout and the Sheriff's recognition of cameras as a critical safeguard, defendants Jahner and Cass County failed to provide any body worn camera to defendant Viken or otherwise record interactions with female participants in the 24/7 Sobriety Program, thereby creating the secrecy Viken exploited to commit repeated acts of sexual misconduct.

18. Defendant Viken's sexual misconduct against the plaintiff did not involve a single, isolated incident. In fact, upon information and belief, there were other female participants (including, but not limited to: H.B., H.C., L.V., L.M., and S.W.) in the 24/7 Sobriety Program who defendant Viken sexually intimidated, abused, or assaulted on multiple occasions in addition to the multiple acts of sexual misconduct defendant Viken committed against the plaintiff Latisha Lenius.

19. Given the power dynamics involved in a custodial setting, sexual misconduct by a male correctional officer against females under their care, custody, control and supervision is a

conscience-shocking abuse of power. Because of the dynamics involved in this type of environment and the position of authority defendant Viken had over her, in addition to the grooming behavior he employed as a sexual predator, Latisha felt powerless to report defendant Viken's behavior. In part because of the lack of camera monitoring, and defendant Jahner's and defendant Cass County's decision to allow a male correctional officer to be alone with female participants in the 24/7 Sobriety Program, Latisha felt that no one would believe her if she complained, especially since Defendant Viken was a correctional officer, and Latisha felt she would be seen as a criminal defendant who cannot be believed. In addition, Latisha felt that her complaints would result in retribution and retaliation by defendant Viken that could impact her compliance with the requirements of the 24/7 Sobriety Program and put her in jail taking away the little freedom she had at the time and away from her children.

20. Given the power arrangements present in a custodial setting, plaintiff Latisha Lenius's eventually succumbing to defendant Viken's grooming tactics, as well as the unlawful pressure and demands for Latisha to satisfy his sexual gratification, cannot be considered consent.

21. No legitimate penological purpose is served by multiple acts of sexual misconduct committed by a male correctional officer against a female person under his official custody, care, control and supervision; multiple sexual acts of sexual misconduct committed under these circumstances demonstrate evidence of a malicious and sadistic intent. Sexual contact or abuse perpetrated by a male correctional officer against a female person under his official custody, care, control and supervision is simply not part of the penalty that female criminal offenders should have to pay for their offenses against society.

22. As the Cass County Sheriff, defendant Jahner is an official policymaker for defendant Cass County.

23. Defendants Jahner and Cass County failed to protect persons who were under their official custody, care, control and supervision, including the plaintiff Latisha Lenius, from being sexually intimidated, abused or assaulted. This failure to protect was more egregious with respect to the failure to protect Latisha from acts of sexual misconduct committed by their own employees, including defendant Viken. The fact that defendant Viken's sexual misconduct was not a single, isolated incident, but rather that he was able to commit multiple separate acts of sexual misconduct against the plaintiff Latisha Lenius, as well as other female participants in the County's 24/7 Sobriety Program, demonstrates that defendants Jahner and Cass County were deliberately indifferent to protecting the constitutional rights of plaintiff Latisha Lenius, including her rights under the Eighth and Fourteenth Amendments.

24. Defendants Jahner and Cass County were responsible for training and supervising defendant Viken. Defendants Jahner and Cass County failed to adequately train and supervise defendant Viken. This included their failure to observe the classic victim-grooming and predatory sexual behavior he blatantly demonstrated toward female participants of the County's 24/7 Sobriety Program, and included the fact that they placed defendant Viken in a position that enabled him to commit multiple acts of sexual misconduct against plaintiff Latisha Lenius, as well as other female participants of the County's 24/7 Sobriety Program.

25. Defendants Jahner's and Cass County's failures included the failure to train all of their employees to identify the classic victim-grooming and predatory sexual behavior of a co-worker, and to report such behavior to a supervisor.

26. Defendants Jahner's and Cass County's failure to supervise included permitting defendant Viken to be alone with female participants in areas of the Cass County Correctional Center that were not monitored by camera or sound.

27. Defendants Jahner and Cass County either failed to adopt appropriate policies that would prohibit male correctional officers, including defendant Viken, from being alone with female participants of the County's 24/7 Sobriety Program in areas that were not monitored by cameras, or, if such policies were in place, failed to enforce those policies.

28. During all relevant times between November 2023 and July 2024, there was a widespread and persistent pattern of sexual misconduct perpetrated upon female participants of the Cass County 24/7 Sobriety Program, including the plaintiff Latisha Lenius. Upon information and belief, this widespread and persistent pattern of sexual misconduct even predated Latisha's required participation in the Program. The grooming and predatory sexual behavior that defendant Viken perpetrated multiple times upon multiple female participants of Cass County's 24/7 Sobriety Program gave notice to Cass County's policy-making officials of defendant Viken's unlawful misconduct.

29. Through their own deliberate indifference or tacit authorization, defendant Jahner's and defendant Cass County's failures to protect, train, and supervise, when considered alone or in combination, resulted in unconstitutional misconduct that was so pervasive among non-policymaking employees of Cass County, such as defendant Viken, that it constituted a custom or usage with the force of law.

30. This official custom or usage was a moving force behind the violations of plaintiff Latisha Lenius's constitutional rights.

31. Defendant Viken's conduct caused the plaintiff Latisha Lenius to suffer from severe emotional distress, loss of sleep, severe anxiety, and depression. All of this required her to seek treatment with a psychologist, counselors at Beth's Place, and treat extreme anxiety and distress with prescribed medications. As a direct and foreseeable consequence of the defendants'

conduct, when considered alone or in combination, plaintiff Latisha Lenius has suffered and continues to suffer from serious injuries and economic and non-economic damages, which include medical expenses for past and future counseling/psychological treatment, pain, suffering, mental anguish, emotional distress, fear of injury, fear of loss, injury to reputation, humiliation, and embarrassment.

## FEDERAL LAW CLAIMS FOR RELIEF

### COUNT I
### (EIGHTH AMENDMENT - CRUEL AND UNUSUAL PUNISHMENT)
(against Defendant Viken in his individual capacity)

32. The plaintiff restates and incorporates herein by reference all preceding paragraphs of this Complaint.

33. Acting under color of law, defendant Viken committed multiple acts of sexual misconduct against the plaintiff Latisha Lenius while she was under the official custody, care, control and supervision of defendants Viken, Jahner, and Cass County.

34. As a direct and foreseeable consequence of defendant Viken's conduct, plaintiff Latisha Lenius was subjected to cruel and unusual punishment while she was in the official custody, care, control and supervision of defendants Viken, Jahner, and Cass County, thus depriving her of rights protected under the Eighth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

35. The unconstitutionality of defendant Viken's unlawful conduct was clearly established by prior binding and persuasive legal authority at the time that he committed multiple acts of sexual misconduct against the plaintiff Latisha Lenius.

36. Plaintiff Latisha Lenius has suffered and continues to suffer from injuries as a direct and foreseeable consequence of defendant Viken's unconstitutional conduct.

## COUNT II
### (FOURTEENTH AMENDMENT - SUBSTANTIVE DUE PROCESS)
(against Defendant Viken in his individual capacity)

37. The plaintiff restates and incorporates herein by reference all preceding paragraphs of this Complaint.

38. Acting under color of law, defendant Viken committed multiple acts of sexual misconduct against the plaintiff Latisha Lenius while she was under the official custody, care, control and supervision of defendants Viken, Jahner, and Cass County, which included time when she was subject to pretrial release conditions. Given the power arrangements in a custodial setting, defendant Viken's unlawful conduct demonstrates a conscience-shocking abuse of power.

39. As a direct and foreseeable consequence of defendant Viken's unlawful conduct, plaintiff Latisha Lenius was deprived of rights protected under the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

40. The unconstitutionality of defendant Viken's unlawful conduct was clearly established by prior binding and persuasive legal authority at the time that he committed multiple acts of sexual misconduct against the plaintiff Latisha Lenius.

41. Plaintiff Latisha Lenius has suffered and continues to suffer from injuries as a direct and foreseeable consequence of defendant Viken's unconstitutional conduct.

## COUNT III
### (EIGHTH AMENDMENT - CRUEL AND UNUSUAL PUNISHMENT - FAILURE TO PROTECT, TRAIN AND SUPERVISE)
(against defendant Jahner in his individual capacity)

42. The plaintiff restates and incorporates herein by reference all preceding paragraphs of this Complaint.

43. Acting under color of law, defendant Jahner failed to protect plaintiff Latisha Lenius from the multiple acts of sexual misconduct committed by defendant Viken against her while she was

under the official custody, care, control and supervision of defendants Viken, Jahner, and Cass County.

44. Acting under color of law, defendant Jahner failed to train and supervise defendant Viken, and other employees of Cass County, so as to prevent female participants of Cass County's 24/7 Sobriety Program, including the plaintiff Latisha Lenius, from being subject to multiple acts of sexual misconduct against them while under the official custody, care, control and supervision of defendants Viken, Jahner, and Cass County.

45. The fact that defendant Viken's conduct was not a single or isolated incident, but rather that he was able to perpetrate multiple acts of sexual misconduct against plaintiff Latisha Lenius, as well as other female participants in Cass County's 24/7 Sobriety Program, demonstrates that defendant Jahner was deliberately indifferent to protecting the constitutional rights of plaintiff Latisha Lenius.

46. As a direct and foreseeable consequence of defendant Jahner's failures to protect, train and supervise, when considered alone or in combination, plaintiff Latisha Lenius was subjected to cruel and unusual punishment while she was in the official custody, care, control and supervision of defendants Viken, Jahner, and Cass County, thus depriving her of rights protected under the Eighth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

47. The unconstitutionality of defendant Jahner's unlawful conduct in failing to protect, train, and supervise, was clearly established by prior binding and persuasive legal authority at the time that defendant Jahner was deliberately indifferent to protecting the plaintiff from the multiple acts of sexual misconduct perpetrated by defendant Viken against her while she was under the official custody, care, control and supervision of defendants Viken, Jahner, and Cass County.

48. Plaintiff Latisha Lenius has suffered and continues to suffer from injuries as a direct and foreseeable consequence of defendant Jahner's unconstitutional conduct.

## COUNT IV
### (FOURTEENTH AMENDMENT - SUBSTANTIVE DUE PROCESS)
(against defendant Jahner in his individual capacity)

49. The plaintiff restates and incorporates herein by reference all preceding paragraphs of this Complaint.

50. Acting under color of law, defendant Jahner's failures to protect, train, and supervise exposed the plaintiff to multiple acts of sexual misconduct against her while she was under the official custody, care, control and supervision of defendants Viken, Jahner, and Cass County, including times when she was subject to pretrial release conditions. These failures, when considered alone or in combination, show that defendant Jahner was deliberately indifferent to protecting Latisha's constitutional rights. Given the power arrangements in a custodial setting, defendant Jahner's failures and deliberate indifference demonstrate a conscience-shocking abuse of power.

51. As a direct and foreseeable consequence of defendant Jahner's unlawful conduct, plaintiff Latisha Lenius was deprived of rights protected under the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

52. The unconstitutionality of defendant Jahner's unlawful conduct was clearly established by prior binding and persuasive legal authority at the time that he failed to protect, train and supervise, and was deliberately indifferent to Latisha's constitutional rights.

53. Plaintiff Latisha Lenius has suffered and continues to suffer from injuries as a direct and foreseeable consequence of defendant Jahner's unconstitutional conduct.

**COUNT V**
**MONELL CLAIM**
(against defendant Jahner in his official capacity and defendant Cass County)

54. The plaintiff restates and incorporates herein by reference all preceding paragraphs of this Complaint.

55. Acting under color of law, defendants Jahner and Cass County deliberately chose not to extend its 2021 body camera policy to the 24/7 Sobriety Program despite the known risk of unmonitored custodial interactions and deliberately chose to permit the existence of a widespread and persistent pattern of sexual misconduct perpetrated upon female participants of the Cass County 24/7 Sobriety Program, including the plaintiff Latisha Lenius. The grooming and predatory sexual behavior that defendant Viken perpetrated multiple times upon multiple female participants of Cass County's 24/7 Sobriety Program gave notice to Cass County's policy-making officials of defendant Viken's unlawful misconduct. Defendant Jahner's and Cass County's deliberate indifference to and tacit authorization of this unconstitutional conduct, through their failures to protect, train, and supervise, when considered alone or in combination, resulted in unconstitutional misconduct that was so pervasive among non-policymaking employees of Cass County, such as defendant Viken, that it constituted a custom or usage with the force of law. This official custom or usage was a moving force behind the violations of plaintiff Latisha Lenius's constitutional rights.

56. As a direct and foreseeable consequence of defendant Jahner's and Cass County's unlawful conduct, plaintiff Latisha Lenius was deprived of rights protected under the Eighth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

57. The unconstitutionality of defendant Jahner's and Cass County's unlawful conduct was clearly established by prior binding and persuasive legal authority at the time that they

deliberately chose to permit the existence of a widespread and persistent pattern of sexual misconduct perpetrated upon female participants of the Cass County 24/7 Sobriety Program.

58. Plaintiff Latisha Lenius has suffered and continues to suffer from injuries as a direct and foreseeable consequence of defendant Jahner's and defendant Cass County's unconstitutional conduct.

## STATE LAW CLAIMS FOR RELIEF
(all against defendant Cass County pursuant to N.D. Cent. Code ch. 32-12.1)

### COUNT VI
### SEXUAL ASSAULT AND BATTERY

59. The plaintiff restates and incorporates by reference all preceding paragraphs of this Complaint.

60. Acting within the scope of his employment or office as a Cass County Deputy Sheriff and the Program Coordinator for the Cass County 24/7 Sobriety Program, defendant Viken, through force or intimidation (i.e., by using his position of authority over the plaintiff Latisha Lenius) caused Latisha to expose her breasts or genital area to him for the sake of his own personal or sexual gratification. Each of these separate occasions constituted a separate, single occurrence for purposes of N.D. Cent. Code § 32-12.1-03(2), and at least one of these separate occurrences took place after July 1, 2024, for purposes of N.D. Cent. Code § 32-12.1-03(2)(b).

61. Defendant Cass County placed defendant Viken in the position that enabled him to sexually abuse the plaintiff. Defendant Cass County is liable for money damages for the injuries proximately caused by the wrongful acts of defendant Viken while he was acting within the scope of his employment or office pursuant to N.D. Cent. Code § 32-12.1-03(1).

62. As a direct and proximate consequence of defendant Viken's wrongful acts, plaintiff Latisha Lenius has suffered and continues to suffer from injuries that are compensable pursuant

to N.D. Cent. Code ch. 32-12.1 and N.D. Cent. Code § 32-03.2-04.

## COUNT VII
## CONVERSION OF PROPERTY

63.     The plaintiff restates and incorporates by reference all preceding paragraphs of this Complaint.

64.     Acting within the scope of his employment or office as a Cass County Deputy Sheriff and the Program Coordinator for the Cass County 24/7 Sobriety Program, defendant Viken wrongfully took possession and control over personal property belonging to plaintiff Latisha Lenius, namely, her cell phone. Defendant Viken intended to control or interfere with Latisha's use and possession of her cell phone, and did so for the purpose of grooming Latisha in order to perpetrate acts of sexual misconduct against her, and to view private photos for his own sexual gratification. This occurred multiple times between November 23, 2023, and July 11, 2024. Each of these separate occasions constituted a separate, single occurrence for purposes of N.D. Cent. Code § 32-12.1-03(2), and multiple occurrences took place after July 1, 2024, for purposes of N.D. Cent. Code § 32-12.1-3(2)(b).

65.     Defendant Cass County placed defendant Viken in the position that enabled him to convert the plaintiff's personal property. Defendant Cass County is liable for money damages for the injuries proximately caused by the wrongful acts of conversion of defendant Viken while he was acting within the scope of his employment or office pursuant to N.D. Cent. Code § 32-12.1-03(1).

66.     As a direct and proximate consequence of defendant Viken's wrongful acts, plaintiff Latisha Lenius has suffered and continues to suffer from injuries that are compensable pursuant to N.D. Cent. Code ch. 32-12.1 and N.D. Cent. Code § 32-03.2-04.

## COUNT VIII
## NEGLIGENCE/FAILURE TO PROTECT, SUPERVISE AND TRAIN

67. The plaintiff restates and incorporates by reference all preceding paragraphs of this Complaint.

68. Acting within the scope of his employment or office as the Cass County Sheriff, defendant Jahner failed to exercise ordinary care in supervising the employment relationship of defendant Viken so as to prevent defendant Viken's foreseeable misconduct from causing harm to other people, including the plaintiff Latisha Lenius. Defendants Jahner and Cass County further failed to take proper precautions for the safety of female participants of Cass County's 24/7 Sobriety Program, so as to prevent the foreseeable harm caused by defendant Viken's wrongful conduct, including the failure to have adequate camera (including body worn camera) and sound monitoring of the Cass County Correctional Center coupled with the decision to permit defendant Viken to be alone with female participants of the Program. Defendants Jahner and Cass County further failed to exercise ordinary care in training defendant Viken so as to prevent him from engaging in wrongful acts of sexual abuse, and also failed to exercise ordinary care in training other employees of Cass County to recognize and report the conduct of a sexual predator.

69. Defendant Cass County is liable for money damages for the injuries proximately caused by the negligence of defendant Jahner while he was acting within the scope of his employment or office pursuant to N.D. Cent. Code § 32-12.1-03(1); defendant Cass County is also liable for money damages for the injuries proximately caused by its own negligence pursuant to N.D. Cent. Code § 32-12.1-02(1).

70. As a direct and proximate consequence of defendant Jahner's and defendant Cass County's negligent acts, plaintiff Latisha Lenius has suffered and continues to suffer from

injuries that are compensable pursuant to N.D. Cent. Code ch. 32-12.1 and N.D. Cent. Code § 32-03.2-04.

## COUNT IX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71.     The plaintiff restates and incorporates by reference all preceding paragraphs of this Complaint.

72.     Acting within the scope of his employment or office as a Cass County Deputy Sheriff and the Program Coordinator for the Cass County 24/7 Sobriety Program, defendant Viken's intentional conduct as set forth above in this complaint was so extreme and outrageous as to exceed all possible bounds of decency, and generally to be regarded as atrocious and utterly intolerable in a civilized community.

73.     Defendant Cass County is liable for money damages for the injuries proximately caused by the intentional and wrongful conduct of defendant Viken while he was acting within the scope of his employment or office pursuant to N.D. Cent. Code § 32-12.1-03(1).

74.     As a direct and proximate consequence of defendant Viken's intentional and wrongful conduct, plaintiff Latisha Lenius has suffered and continues to suffer from injuries that are compensable pursuant to N.D. Cent. Code ch. 32-12.1 and N.D. Cent. Code § 32-03.2-04.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that the Court enter its judgment as follows:

1. Recovery of past and future non-economic damages incurred, in a reasonable sum but not less than $50,000.00;

2. Recovery of past and future economic damages incurred, in a reasonable sum but not less than $50,000.00;

3. Punitive damages in an amount to be established at trial;

4. An award of attorney's fees and expert fees pursuant to 42 U.S.C. § 1988, as well as any other applicable statutes, laws, or grounds allowed under state law;

5. An award for the costs, expenses, and interest incurred in pursuit of this action pursuant to 42 U.S.C. § 1988, as well as any other applicable statutes, laws, or grounds allowed under state law; and

6. Such other and further relief as this Court may deem just and equitable.

## JURY DEMAND

Trial by a jury is hereby demanded pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this 24th day of November, 2025

/s/ Nathan Severson

_____
Nathan Severson (ND ID #06402)
SW&L ATTORNEYS
4627 44th Avenue South, Suite 108
Fargo, North Dakota 58104
Telephone: (701) 297-2890
Fax: (701) 297-2896
nathan.severson@swlattorneys.com
ATTORNEYS FOR PLAINTIFF