IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Case No: 3:25-cv-00269

| | |
|---|---|
| Latisha Lenius, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| Darin Viken, individually; Jesse Jahner, individually and in his capacity as Cass County Sheriff; and Cass County, North Dakota, | ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT DARIN VIKEN'S ANSWER AND JURY DEMAND**

\*\*\*   \*\*\*   \*\*\*

COMES NOW, Defendant Darin Viken, individually, for his Answer to Plaintiff's Complaint hereby alleges and states as follows:

1.

Viken denies each and every matter and thing alleged in Plaintiff's Complaint except as herein admitted, qualified, or explained.

2.

With respect to the introduction statement in Paragraph 1 of the Plaintiff's Complaint, Viken asserts this is a mere summary of the Complaint and no response is required; however, to the extent a response is required, Viken denies any and all allegations contained therein that his actions violated either state or federal law. Viken further denies any and all allegations that he engaged in any acts that inflicted any injuries upon Plaintiff.

3.

With respect to the allegations in Paragraphs 2, 3, and 4 of the Plaintiff's Complaint, Viken asserts these allegations call for legal conclusions as to jurisdiction and venue and Viken holds Plaintiff to the strictest burden of proof allowed by law to establish jurisdiction and venue over this action.

4.

Viken lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Plaintiff's Complaint.

5.

With respect to the allegations in Paragraph 6 of the Plaintiff's Complaint, Viken admits he is a citizen and resident of Cass County, North Dakota. Viken further admits that he was employed as a Cass County Deputy and Program Coordinator for the Cass County 24/7 Sobriety Program.

6.

With respect to the allegations in Paragraphs 7 and 8 of the Plaintiff's Complaint, Viken asserts these allegations are directed toward other named Defendants and no response is required from him.

7.

With respect to the allegations in Paragraph 9 of the Plaintiff's Complaint, Viken asserts the referenced statutes speak for themselves and denies any and all allegations in Paragraph 9 that are not supported by the referenced statutes.

8.

Viken admits the allegations in Paragraph 10 of the Plaintiff's Complaint.

9.

With respect to the allegations in Paragraph 11 of the Plaintiff's Complaint, Viken admits that Lenius participated in the 24/7 Sobriety Program; however, Viken lacks knowledge or information sufficient to form a belief as to the specific statutory/ordinance violations or judgments alleged in Paragraph 11.

10.

With respect to the allegations in Paragraph 12 of the Plaintiff's Complaint, Viken admits that Plaintiff participated in the 24/7 Sobriety Program; however, Viken lacks knowledge or information as to what Plaintiff means by "frequently" or what specific conditions were placed upon her.

11.

Viken denies the allegations in Paragraph 13 of the Plaintiff's Complaint as it pertains to him. Viken denies that Lenius was under his custody, care, or control as Viken's role was simply to administer tests to ensure sobriety. Viken further denies that he personally restrained Plaintiff's liberty.

12.

Viken denies all allegations in Paragraph 14 of the Plaintiff's Complaint except that Plaintiff brought her 6-year-old son along for testing and gave the child a hug as shown on video. Viken denies the hug was to keep Plaintiff from bringing her son again. Moreover, Viken asserts that any authenticated video evidence speaks for itself and denies any and all allegations that are not supported by authentic video evidence.

13.

Viken denies all allegations in Paragraph 15 of the Plaintiff's Complaint except that his only interactions with Plaintiff occurred within the scope of his employment as the Program Coordinator for the 24/7 Sobriety Program. Viken specifically denies any and all allegations that he engaged in any acts of "grooming or sexual misconduct" as alleged in Paragraph 15 of the Complaint. Viken denies the breadth of the allegations relating to his job duties as his role was only to administer sobriety testing and he was not charged with the task of determining whether participants in the program were compliant with any other terms of pretrial release or criminal judgments and sentences.

14.

With respect to the allegations in Paragraph 16 of the Plaintiff's Complaint, Viken denies all allegations with the following limited exceptions and explanations. Viken admits he was not provided a body camera to wear for his duties. To the best of Viken's knowledge, the area used for the County's 24/7 Sobriety Program had previously been used for the County's work release program and there was not 100% coverage of the Cass County Correctional Center by surveillance cameras.

15.

With respect to the allegations in Paragraph 17 of the Plaintiff's Complaint, Viken admits that he was not provided a body camera as he was not in the field service division of the Cass County Sheriff's Office. Viken specifically denies any and all allegations in Paragraph 17 that he ever committed acts of sexual misconduct.

16.

Viken denies the allegations in Paragraph 18 of the Plaintiff's Complaint.

17.

With respect to the allegations in Paragraph 19 of the Plaintiff's Complaint, Viken denies the premise of the allegations relating to power dynamics as it pertains to the facts of this case and specifically denies engaging in any conduct that could be considered a conscience-shocking abuse of power as alleged. Moreover, Viken lacks knowledge or information sufficient to form a belief as to Plaintiff's thoughts, feelings, or state of mind and must deny the same. Viken denies all other allegations in Paragraph 19 of the Plaintiff's Complaint.

18.

Viken denies the allegations in Paragraph 20 of the Plaintiff's Complaint.

19.

With respect to the allegations in Paragraph 21 of the Plaintiff's Complaint, Viken denies ever engaging in any acts of sexual misconduct toward Plaintiff and consequently denies all allegations of intent in Paragraph 21 as it pertains to the facts of this lawsuit. Viken asserts the remaining statements in Paragraph 21 are mere general commentary and no response is required.

20.

Viken lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and asserts whatever official county policy or ordinance that governs official policy making authority on behalf of the County governs these allegations.

21.

Viken denies the allegations in Paragraph 23 of the Plaintiff's Complaint.

22.

Viken denies all allegations in Paragraph 24 of the Plaintiff's Complaint except he admits that he received training for his position and was ultimately supervised by Sheriff Jahner.

23.

With respect to the allegations in Paragraphs 25 and 26 of the Plaintiff's Complaint, Viken asserts these allegations are directed toward other Defendants and no response is required from Viken except that he denies ever engaging in any type of "classic victim-grooming and predatory sexual behavior" as alleged in the Complaint.

24.

With respect to the allegations in Paragraph 27 of the Plaintiff's Complaint, Viken asserts these allegations are directed toward other Defendants and no response is required from Viken. To the extent a response is required, Viken lacks knowledge or information sufficient to form a belief as to what Plaintiff means by "appropriate policies" and therefore must deny the same.

25.

Viken denies the allegations in Paragraph 28 of the Plaintiff's Complaint.

26.

With respect to the allegations in Paragraphs 29 and 30 of the Plaintiff's Complaint, Viken denies engaging in unconstitutional misconduct or violating Plaintiff's rights and denies these allegations to the extent a response is required from him as these allegations appear tailored towards other Defendants in this lawsuit.

27.

Viken denies the allegations in Paragraph 31 of the Plaintiff's Complaint.

28.

Viken reasserts and incorporates by reference all above paragraphs in response to the allegations in Paragraph 32 of the Plaintiff's Complaint.

29.

Viken denies the allegations in Paragraphs 33, 34, 35, and 36 of the Plaintiff's Complaint.

30.

Viken reasserts and incorporates by reference all above paragraphs in response to the allegations in Paragraph 37 of the Plaintiff's Complaint.

31.

Viken denies the allegations in Paragraphs 38, 39, 40, and 41 of the Plaintiff's Complaint.

32.

Viken reasserts and incorporates by reference all above paragraphs in response to the allegations in Paragraph 42 of the Plaintiff's Complaint.

33.

The allegations in Paragraphs 43, 44, 45, 46, 47, and 48 are directed towards another Defendant and Viken asserts no response from him is required other than he denies the allegations in these paragraphs to the extent they allege he engaged in any acts that constitute sexual misconduct, violated the United States Constitution, or caused the Plaintiff damages.

34.

Viken reasserts and incorporates by reference all above paragraphs in response to the allegations in Paragraph 49 of the Plaintiff's Complaint.

35.

The allegations in Paragraphs 50, 51, 52, and 53 are directed towards another Defendant and Viken asserts no response from him is required other than he denies the allegations in these paragraphs to the extent they allege he engaged in any acts that constitute sexual misconduct, violated the United States Constitution, or caused the Plaintiff damages.

36.

Viken reasserts and incorporates by reference all above paragraphs in response to the allegations in Paragraph 54 of the Plaintiff's Complaint.

37.

The allegations in Paragraphs 55, 56, 57, and 58 are directed towards other Defendants and Viken asserts no response from him is required other than he denies the allegations in these paragraphs to the extent they allege he engaged in any acts that constitute sexual misconduct, violated the United States Constitution, or caused the Plaintiff damages.

38.

Viken reasserts and incorporates by reference all above paragraphs in response to the allegations in Paragraph 59 of the Plaintiff's Complaint.

39.

Viken denies the allegations in Paragraph 60 of the Plaintiff's Complaint.

40.

With respect to the allegations in Paragraph 61 of the Plaintiff's Complaint, Viken denies that he ever sexually abused Plaintiff. The remaining allegations in Paragraph 61 are directed toward another Defendant and no response from Viken is necessary other than the referenced statute speaks for itself.

41.

Viken denies the allegations in Paragraph 62 of the Plaintiff's Complaint.

42.

Viken reasserts and incorporates by reference all above paragraphs in response to the allegations in Paragraph 63 of the Plaintiff's Complaint.

43.

Viken denies the allegations in Paragraph 64 of the Plaintiff's Complaint.

44.

With respect to the allegations in Paragraph 65 of the Plaintiff's Complaint, Viken denies that he engaged in any acts that could be considered conversion of Plaintiff's personal property. The remaining allegations in Paragraph 65 are directed toward another Defendant and no response from Viken is necessary other than the referenced statute speaks for itself.

45.

Viken denies the allegations in Paragraph 66 of the Plaintiff's Complaint.

46.

Viken reasserts and incorporates by reference all above paragraphs in response to the allegations in Paragraph 67 of the Plaintiff's Complaint.

47.

With respect to the allegations in Paragraphs 68, 69, and 70 of the Plaintiff's Complaint, Viken asserts these allegations are directed toward other Defendants and no response is required except to the extent that Viken denies all allegations in those paragraphs that he engaged in misconduct, wrongful conduct, wrongful acts of sexual abuse or engaged in any acts that could be construed to be those of a sexual predator. Viken further denies the allegations in Paragraph 68 to the extent it is alleged any of his actions caused Plaintiff harm.

48.

Viken reasserts and incorporates by reference all above paragraphs in response to the allegations in Paragraph 71 of the Plaintiff's Complaint.

49.

Viken denies the allegations in Paragraph 72 of the Plaintiff's Complaint.

50.

With respect to the allegations in Paragraph 73 of the Plaintiff's Complaint, Viken asserts these allegations are directed toward other Defendants and no response is required other than Viken denies that he engaged in any intentional and wrongful conduct that caused Plaintiff damages and the referenced statute speaks for itself.

51.

Viken denies the allegations in Paragraph 74 of the Plaintiff's Complaint.

52.

Viken denies Plaintiff is entitled to any of the relief requested in the Complaint.

**AFFIRMATIVE DEFENSES**

53.

Viken realleges all prior admissions, denials, and explanations.

54.

Viken asserts immunity from suit on grounds of qualified immunity.

55.

Viken asserts the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

56.

Viken asserts the Plaintiff was not damaged at all or to the extent claimed.

57.

Viken alleges that any damages to Plaintiff, if any be shown, were caused or contributed to by Plaintiff's own fault, and Plaintiff's claims are therefore reduced or barred.

58.

Viken alleges that Plaintiff proximately caused or contributed to cause Plaintiff's alleged injuries and alleges that Plaintiff's fault was at least equal to or greater than the fault of Viken, if any be shown, all of which bars Plaintiff's right of recovery. In the alternative, Viken alleges Plaintiff's injuries, if any be shown, were proximately caused by the fault of others over whom Viken has no responsibility or control.

59.

Viken claims immunity pursuant to the relevant provisions of Chapter 32-12.1 of the North Dakota Century Code and other applicable law governing immunity of political subdivisions, political subdivision employees, police officers, correctional officers, law enforcement entities, and correctional entities.

60.

Plaintiff cannot show she suffered any constitutional violation. Viken affirmatively alleges no action by him was unconstitutional or infringed upon any of Plaintiff's constitutional or other rights.

61.

Pending completion of discovery, Viken asserts and incorporates by reference all affirmative defenses available pursuant to Rules 8, 9, and 12 of the North Dakota and Federal Rules of Civil Procedure.

WHEREFORE, Viken requests Plaintiff's Complaint against him be in all things dismissed; that Viken recover his costs, disbursements, and attorney's fees herein; and that the Court award such other relief as the Court may deem just and proper.

VIKEN DEMANDS A TRIAL BY JURY OF THE MAXIMUM SIZE AS ALLOWED BY LAW.

Dated this 21st day of January, 2026.

        SMITH PORSBORG SCHWEIGERT
        ARMSTRONG MOLDENHAUER & SMITH

By  /s/ Brian D. Schmidt
    Brian D. Schmidt (ND Bar ID #07498)
    bschmidt@smithporsborg.com
    Scott K. Porsborg (ND Bar ID #04904)
    sporsborg@smithporsborg.com
    122 East Broadway Avenue
    P.O. Box 460
    Bismarck, ND 58502-0460
    (701) 258-0630

    Attorneys for Defendant, Darin Viken

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January, 2026, a true and correct copy of the foregoing **DEFENDANT DARIN VIKEN'S ANSWER AND JURY DEMAND** was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

ATTORNEY FOR PLAINTIFF, LATISHA LENIUS

Nathan Severson                          nathan.severson@swlattorneys.com
Attorney At Law
4627 44th Avenue South, Suite 108
Fargo, ND 58104

- 13 -

ATTORNEYS FOR DEFENDANTS, JESSE JAHNER, INDIVIDUALLY AND IN HIS CAPACITY AS CASS COUNTY SHERIFF; AND CASS COUNTY, NORTH DAKOTA

| | |
|---|---|
| Daniel L. Gaustad | dan@grandforkslaw.com |
| Joseph E. Quinn | jquinn@grandforkslaw.com |
| Marianne O. Knudson | marianne@grandforkslaw.com |
| Marcus C. Skonieczny | marcus@grandforkslaw.com |
| Jaxen J. Bratcher | jaxen@grandforkslaw.com |

Attorneys at Law
24 North 4th Street
Grand Forks, ND 58203


By */s/ Brian D. Schmidt*
    BRIAN D. SCHMIDT