## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Latisha Lenius,<br><br>                    Plaintiff,<br><br>          -vs-<br><br>Darin Viken, individually; Jesse Jahner, individually and in his capacity as Cass County Sheriff; and Cass County, North Dakota,<br><br>                    Defendants. | **COUNTY DEFENDANTS' ANSWER TO COMPLAINT**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br>Civil No. 3:25-CV-00269 |

**[¶1]**     For their Answer to Plaintiff's Complaint, Defendants, Jesse Jahner, individually and in his capacity as Cass County Sheriff ("Jahner"); and Cass County, North Dakota (the "County") (Jahner and the County are collectively referred to herein as the "County Defendants"), by and through their duly authorized and undersigned attorneys of record, state as follows:

**[¶2]**     Except that which is specifically admitted, qualified or explained herein, the County Defendants deny each and every allegation, matter, and thing contained in Plaintiff's Complaint and put the Plaintiff to the strictest of proof thereof.

**[¶3]**     The County Defendants specifically aver that Plaintiff was not deprived of any alleged constitutional rights.

**[¶4]**     The County Defendants specifically aver that the Plaintiff's alleged constitutional rights were not violated and no unconstitutional custom, pattern, policy, practice and/or procedure exists.

**[¶5]**     The County Defendants specifically aver that there has been no action or conduct on the part of the County Defendants that constitutes an Eighth Amendment Cruel and Unusual Punishment violation against the Plaintiff.

[¶6]    The County Defendants specifically aver that there has been no action or conduct on the part of the County Defendants that constitutes a Fourteenth Amendment Substantive Due Process violation against the Plaintiff.

[¶7]    The County Defendants specifically aver that there has been no action or conduct on the part of the County Defendants that constitutes an Eighth or Fourteenth Amendment, "Monell" violation against the Plaintiff.

[¶8]    The County Defendants specifically aver that there has been no action or conduct on the part of the County Defendants that constitutes a failure to protect, train, or supervise violation against the Plaintiff.

[¶9]    The County Defendants specifically aver that there has been no action or conduct on the part of the County Defendants that constitutes sexual assault and battery against the Plaintiff.

[¶10]   The County Defendants specifically aver that there has been no action or conduct on the part of the County Defendants that constitutes conversion of property against the Plaintiff.

[¶11]   The County Defendants specifically aver that there has been no action or conduct on the part of the County Defendants that constitutes negligence against the Plaintiff.

[¶12]   The County Defendants specifically aver that there has been no action or conduct on the part of the County Defendants that constitutes intentional infliction of emotional distress against the Plaintiff.

[¶13]   The County Defendants specifically aver the allegations contained in Plaintiff's Complaint do not support any claim or liability against any of the County Defendants.

[¶14]   With respect to Paragraph 1 of Plaintiff's Complaint, such paragraph contains Plaintiff's introduction and allegations of the nature of the action, as well as Plaintiff's own edifications, legal conclusions, and interpretations, and therefore does not contain factual allegations for which an

affirmative answer is required. To the extent the allegations contained such paragraph are made to impose liability upon the County Defendants or to otherwise support the Plaintiff's claims, the same are denied by the County Defendants, Plaintiff is put to the strictest of proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The County Defendants specifically aver the allegations contained in this paragraph of Plaintiff's Complaint do not support any claim or liability against any of County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶15]** With respect to Paragraphs 2 through 4 of Plaintiff's Complaint, the allegations contained therein set forth are Plaintiff's assertion of the legal basis for venue and jurisdiction, therefore, no affirmative answer is required, provided, however, the County Defendants preserve any and all defenses regarding jurisdiction and venue in this action. To the extent the allegations contained in said paragraphs are made to impose liability upon the County Defendants or to otherwise support the Plaintiff's claims, the same are denied by the County Defendants, the Plaintiff is put to the strictest of proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice.

**[¶16]** With respect to Paragraph 5 of Plaintiff's Complaint, the County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice.

[¶17]   With respect to Paragraph 6 of Plaintiff's Complaint, the County Defendants only admit that Darin Viken ("Viken") was employed by Cass County, until his employment was terminated. With respect to the balance of the allegation in said paragraph, the County Defendants deny the allegations therein, or the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and as such no answer by the County Defendants is required, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice.  The County Defendants specifically aver the allegations contained in this paragraph of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

[¶18]   With respect to Paragraph 7 of Plaintiff's Complaint, the County Defendants only admit that Jahner is a citizen and resident of Cass County, North Dakota and is the Cass County Sheriff. With respect to the balance of the allegation in said paragraph, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and accordingly does not contain factual allegations for which an affirmative answer is required by the County Defendants, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice.  The County Defendants specifically aver

the allegations contained in this paragraph of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶19]**   With respect to Paragraph 8 of Plaintiff's Complaint, the County Defendants only admit that Cass County, North Dakota is a political subdivision under the laws of North Dakota.  With respect to the balance of the allegations in said paragraph, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and the purported statues would speak for themselves, and accordingly does not contain factual allegations for which an affirmative answer is required by the County Defendants, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice.   The County Defendants specifically aver the allegations contained in this paragraph of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶20]**   With respect to Paragraph 9 of Plaintiff's Complaint, the allegations consist of purported recitation of North Dakota statutes, which would speak for themselves, and accordingly said paragraph does not contain factual allegations for which an affirmative answer is required by the County Defendants, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof, the County Defendants

reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The County Defendants specifically aver the allegations contained in this paragraph of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶21]**  With respect to Paragraph 10 of Plaintiff's Complaint, the County Defendants admit that Viken was the Program Coordinator of the 24/7 Sobriety Program in Cass County from November 17, 2015, until his termination by the County on July 22, 2024. The County Defendants specifically aver the allegations contained in this paragraph of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶22]**  With respect to Paragraph 11 of Plaintiff's Complaint, the County Defendants admit that, pursuant to and in accordance with the judgment entered in Cass County district court case No. 09-2023-CR-05560, Plaintiff was required to participate in the 24/7 program for 360 days starting on November 25, 2023. The County Defendants specifically aver the allegations contained in this paragraph of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶23]**  With respect to Paragraph 12 of Plaintiff's Complaint, the allegations contained within said paragraph contain Plaintiff's recitation of the requirements of a participant of the 24/7 Sobriety Program in Cass County. The requirements of the 24/7 program are governed and administered by law and by applicable court order, and in conjunction with the North Dakota Attorney General's office, and such enumerated requirements would therefore speak for themselves, accordingly said

paragraph does not contain factual allegations for which an affirmative answer is required by the County Defendants, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice.  The County Defendants specifically aver the allegations contained in this paragraph of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶24]**  With respect to Paragraph 13 of Plaintiff's Complaint, the County Defendants only admit that Plaintiff was required to adhere to the requirements of the 24/7 Sobriety Program in accordance with the judgment in her criminal case.  With respect to the balance of the allegations in said paragraph, such allegations consist of Plaintiff's own edifications, legal conclusions, and interpretations of the 24/7 Sobriety Program, and do not contain factual allegations for which an affirmative answer is required.  To the extent the allegations contained in said paragraph of Plaintiff's Complaint are made to impose liability upon the County Defendants or to otherwise support the Plaintiff's claims, the same are denied by the County Defendants, the Plaintiff is put to the strictest of proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice.  The County Defendants specifically aver the allegations contained in this paragraph of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶25]**  With respect to Paragraphs 14 and 15 of Plaintiff's Complaint, the County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and the County Defendants put Plaintiff to the strictest proof thereof, or the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations and accordingly such legal conclusions, edifications and interpretations do not contain factual allegations for which an affirmative answer is required by the County Defendants, provided however, to the extent such legal conclusions, edifications and interpretations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof.  Further the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice.  The County Defendants specifically aver the allegations contained in this paragraph of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶26]**  With respect to Paragraph 16 of Plaintiff's Complaint, the County Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof, or the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and accordingly such legal conclusions, edifications and interpretations do not contain factual allegations for which an affirmative answer is required by the County Defendants, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof.  The County Defendants reserve all defenses and claims regarding the allegations,

and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The County Defendants specifically aver the allegations contained in this paragraph of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶27]** With respect to Paragraph 17 of Plaintiff's Complaint, the County Defendants only admit that Cass County had equipped sheriff deputies within the field service division with body cameras. With respect to the balance of the allegations in said paragraph, such allegations consist of Plaintiff's own edifications, legal conclusions, and interpretations, and do not contain factual allegations for which an affirmative answer is required. To the extent the allegations contained in said paragraph of Plaintiff's Complaint are made to impose liability upon the County Defendants or to otherwise support the Plaintiff's claims, the same are denied by the County Defendants, the Plaintiff is put to the strictest of proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The County Defendants specifically aver the allegations contained in this paragraph of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶28]** With respect to Paragraph 18 of Plaintiff's Complaint, the County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put the Plaintiff to the strictest of proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice.

The County Defendants specifically aver the allegations contained in this paragraph of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶29]**   With respect to Paragraphs 19 through 21 of Plaintiff's Complaint, the County Defendants deny the allegations contained therein, or the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and accordingly do not contain factual allegations for which an affirmative answer is required by the County Defendants, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice.  The County Defendants specifically aver the allegations contained in these paragraphs of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶30]**   With respect to Paragraph 22 of Plaintiff's Complaint, the County Defendants only admit that Jahner is the Cass County Sheriff.  With respect to the balance of the allegation in said paragraph, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and accordingly does not contain factual allegations for which an affirmative answer is required by the County Defendants, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof, the

County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The County Defendants specifically aver the allegations contained in this paragraph of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶31]**  With respect to Paragraphs 23 through 31 of Plaintiff's Complaint, the County Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof, or the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and accordingly do not contain factual allegations for which an affirmative answer is required by the County Defendants, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof. The County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The County Defendants specifically aver the allegations contained in these paragraphs of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants. The County Defendants specifically aver that there has been no action or conduct by the County Defendants that constitutes deliberate indifference, tacit authorization, custom or usage, or any violation of Plaintiff's constitutional rights.

**[¶32]**  With respect to Paragraph 32 of Plaintiff's Complaint, this paragraph realleges and incorporates by reference the allegations set forth in prior Paragraphs of Plaintiff's Complaint and,

therefore, does not require any affirmative answer, provided, however, the County Defendants reassert their answer and defenses to all paragraphs of the Plaintiff's Complaint as if fully stated herein and puts the Plaintiff to the strictest proof thereof.

**[¶33]**   With respect to Paragraphs 33 through 36 of Plaintiff's Complaint, the allegations contain claims against another separate defendant in this action and as such no answer by the County Defendants is required, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof, the County Defendants reserve all defenses and claims regarding the allegations and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The County Defendants specifically aver the allegations contained in these paragraphs of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶34]**   With respect to Paragraph 37 of Plaintiff's Complaint, this paragraph realleges and incorporates by reference the allegations set forth in prior Paragraphs of Plaintiff's Complaint and, therefore, does not require any affirmative answer, provided, however, the County Defendants reassert their answer and defenses to all paragraphs of the Plaintiff's Complaint as if fully stated herein and puts the Plaintiff to the strictest proof thereof.

**[¶35]**   With respect to Paragraphs 38 through 41 of Plaintiff's Complaint, the allegations contain claims against another separate defendant in this action and as such no answer by the County Defendants is required, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are

denied and the County Defendants put Plaintiff to the strictest proof thereof, the County Defendants reserve all defenses and claims regarding the allegations and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The County Defendants specifically aver the allegations contained in these paragraphs of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶36]**  With respect to Paragraph 42 of Plaintiff's Complaint, this paragraph realleges and incorporates by reference the allegations set forth in prior Paragraphs of Plaintiff's Complaint and, therefore, does not require any affirmative answer, provided, however, the County Defendants reassert their answer and defenses to all paragraphs of the Plaintiff's Complaint as if fully stated herein and puts the Plaintiff to the strictest proof thereof.

**[¶37]**  With respect to Paragraphs 43 through 48 of Plaintiff's Complaint, the County Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof.  The County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The County Defendants specifically aver the allegations contained in these paragraphs of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.  The County Defendants specifically aver that there has been no action or conduct by the County Defendants that constitutes deliberate indifference, cruel and unusual punishment, failure to protect, train, or supervise, or any violation of Plaintiff's constitutional rights.

**[¶38]**  With respect to Paragraph 49 of Plaintiff's Complaint, this paragraph realleges and incorporates by reference the allegations set forth in prior Paragraphs of Plaintiff's Complaint and, therefore, does not require any affirmative answer, provided, however, the County Defendants reassert their answer and defenses to all paragraphs of the Plaintiff's Complaint as if fully stated herein and puts the Plaintiff to the strictest proof thereof.

**[¶39]**  With respect to Paragraphs 50 through 53 of Plaintiff's Complaint, the County Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The County Defendants specifically aver the allegations contained in these paragraphs of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.  The County Defendants specifically aver that there has been no action or conduct by the County Defendants that constitutes deliberate indifference, a due process violation, failure to protect, train, or supervise, or any violation of Plaintiff's constitutional rights.

**[¶40]**  With respect to Paragraph 54 of Plaintiff's Complaint, this paragraph realleges and incorporates by reference the allegations set forth in prior Paragraphs of Plaintiff's Complaint and, therefore, does not require any affirmative answer, provided, however, the County Defendants reassert their answer and defenses to all paragraphs of the Plaintiff's Complaint as if fully stated herein and puts the Plaintiff to the strictest proof thereof.

**[¶41]**  With respect to Paragraphs 55 through 58 of Plaintiff's Complaint, the County Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants

refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The County Defendants specifically aver the allegations contained in these paragraphs of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.  The County Defendants specifically aver that there has been no action or conduct by the County Defendants that constitutes deliberate indifference, tacit authorization, a custom, usage, pattern, failure to protect, train, or supervise, or any violation of Plaintiff's constitutional rights.

**[¶42]**  With respect to Paragraph 59 of Plaintiff's Complaint, this paragraph realleges and incorporates by reference the allegations set forth in prior Paragraphs of Plaintiff's Complaint and, therefore, does not require any affirmative answer, provided, however, the County Defendants reassert their answer and defenses to all paragraphs of the Plaintiff's Complaint as if fully stated herein and puts the Plaintiff to the strictest proof thereof.

**[¶43]**  With respect to Paragraph 60 of Plaintiff's Complaint, the County Defendants only admit that Viken was employed by Cass County, until his employment was terminated.  With respect to the balance of the allegation in said paragraph, the County Defendants deny the allegations therein, or the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and as such no answer by the County Defendants is required, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice.  The County Defendants specifically aver the allegations contained

in this paragraph of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶44]**    With respect to Paragraphs 61 and 62 of Plaintiff's Complaint, the County Defendants deny the allegations contained therein, or the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and accordingly do not contain factual allegations for which an affirmative answer is required by the County Defendants, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice.  The County Defendants specifically aver the allegations contained in these paragraphs of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶45]**    With respect to Paragraph 63 of Plaintiff's Complaint, this paragraph realleges and incorporates by reference the allegations set forth in prior Paragraphs of Plaintiff's Complaint and, therefore, does not require any affirmative answer, provided, however, the County Defendants reassert their answer and defenses to all paragraphs of the Plaintiff's Complaint as if fully stated herein and puts the Plaintiff to the strictest proof thereof.

**[¶46]**    With respect to Paragraph 64 of Plaintiff's Complaint, the County Defendants only admit that Viken was employed by Cass County until his employment was terminated.  With respect to the balance of the allegation in said paragraph, the County Defendants deny the allegations therein,

or the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and as such no answer by the County Defendants is required, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The County Defendants specifically aver the allegations contained in this paragraph of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶47]**    With respect to Paragraphs 65 and 66 of Plaintiff's Complaint, the County Defendants deny the allegations contained therein, or the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and accordingly do not contain factual allegations for which an affirmative answer is required by the County Defendants, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The County Defendants specifically aver the allegations contained in these paragraphs of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶48]**  With respect to Paragraph 67 of Plaintiff's Complaint, this paragraph realleges and incorporates by reference the allegations set forth in prior Paragraphs of Plaintiff's Complaint and, therefore, does not require any affirmative answer, provided, however, the County Defendants reassert their answer and defenses to all paragraphs of the Plaintiff's Complaint as if fully stated herein and puts the Plaintiff to the strictest proof thereof.

**[¶49]**  With respect to Paragraph 68 of Plaintiff's Complaint, the County Defendants only admit that Viken was employed by Cass County until his employment was terminated.  With respect to the balance of the allegation in said paragraph, the County Defendants deny the allegations therein, or the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and as such no answer by the County Defendants is required, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice.  The County Defendants specifically aver the allegations contained in this paragraph of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶50]**  With respect to Paragraphs 69 and 70 of Plaintiff's Complaint, the County Defendants deny the allegations contained therein, or the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and accordingly do not contain factual allegations for which an affirmative answer is required by the County Defendants, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support

Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The County Defendants specifically aver the allegations contained in these paragraphs of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶51]**  With respect to Paragraph 71 of Plaintiff's Complaint, this paragraph realleges and incorporates by reference the allegations set forth in prior Paragraphs of Plaintiff's Complaint and, therefore, does not require any affirmative answer, provided, however, the County Defendants reassert their answer and defenses to all paragraphs of the Plaintiff's Complaint as if fully stated herein and puts the Plaintiff to the strictest proof thereof.

**[¶52]**  With respect to Paragraph 72 of Plaintiff's Complaint, the County Defendants only admit that Viken was employed by Cass County until his employment was terminated. With respect to the balance of the allegations in said paragraph, the County Defendants deny the allegations therein, or the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and as such no answer by the County Defendants is required, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The County Defendants specifically aver the allegations contained in this paragraph of Plaintiff's Complaint do not support any claim or

liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶53]**   With respect to Paragraphs 73 and 74 of Plaintiff's Complaint, the County Defendants deny the allegations contained therein, or the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and accordingly do not contain factual allegations for which an affirmative answer is required by the County Defendants, provided however, to the extent such allegations are made to impose liability upon the County Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the County Defendants put Plaintiff to the strictest proof thereof, the County Defendants reserve all defenses and claims regarding the allegations, and the County Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice.  The County Defendants specifically aver the allegations contained in these paragraphs of Plaintiff's Complaint do not support any claim or liability against any of the County Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

**[¶54]**   With respect to the section entitled "**PRAYER FOR RELIEF**" of Plaintiff's Complaint, these paragraphs contain the relief sought by Plaintiff, and the County Defendants deny Plaintiff is entitled to any relief and deny that Plaintiff has set out any claim for which relief can be granted. The County Defendants further deny any liability for such requested relief.   The County Defendants further assert and preserve all defenses raised herein.

<u>**ADDITIONAL DEFENSES**</u>

**[¶55]**   The County Defendants hereby assert the following additional defenses, reserving the right to amend this Answer to assert any and all other defenses that may become apparent or available during the course of these proceedings.  The County Defendants do not waive, merely by assertion

of any of the following defenses, arguments or claims, that it is the Plaintiff who bears the burden of proof on the applicability, existence, or proof of any of the enumerated defenses. Accordingly, by asserting such defenses, the County Defendants do not assume a burden of proof they would not otherwise bear.

### 1ST DEFENSE

**[¶56]** Plaintiff's Complaint fails to state a claim or claims upon which relief can be granted.

### 2ND DEFENSE

**[¶57]** The County Defendants are immune to the claims brought by Plaintiff pursuant to federal law and/or state law, including, but not by way of limitation, absolute immunity, qualified immunity, discretionary immunity, and under the provisions of North Dakota Century Code Chapter 32-12.1.

### 3RD DEFENSE

**[¶58]** Plaintiff's entitlement to damages, if any, is barred and/or limited in amount, including by reason of the provisions of North Dakota Century Code Chapter 32-12.1.

### 4TH DEFENSE

**[¶59]** The County Defendants are immune from suit for matters alleged in Plaintiff's Complaint because the County Defendants acted without intent to cause any deprivation of Plaintiff's rights or other injury to Plaintiff, and did not act with willful or deliberate indifference to Plaintiff's rights or in a manner that was objectively unreasonable.

### 5TH DEFENSE

**[¶60]** Pending completion of discovery, the County Defendants specifically preserve and allege all applicable defenses or any other matters constituting an avoidance or affirmative defense

available under any state or federal laws and procedures including Rules 8, 9, 12, and 19 of the Federal Rules of Civil Procedure.

## 6TH DEFENSE

**[¶61]**   At all pertinent times, the County Defendants acted in good faith in reliance upon local, state, and federal laws with respect to the dealings and actions regarding Plaintiff.  For this reason, there can be no liability on the part of, or judgment rendered against, the County Defendants.

## 7TH DEFENSE

**[¶62]**   The County Defendants specifically deny that Plaintiff suffered any damages as a result of any acts committed by the County Defendants.

## 8TH DEFENSE

**[¶63]**   Plaintiff's claims are barred in whole or in part because some or all of the County Defendants had no personal involvement with the alleged incident(s) that form the basis of Plaintiff's Complaint.

## 9TH DEFENSE

**[¶64]**   The County Defendants specifically deny all fault, as "fault" is defined under North Dakota Century Code Ch. 32-03.2.  If anyone was at fault, the damages suffered by Plaintiff is the result of the fault of Plaintiff, and/or other parties over whom the County Defendants had no control or for whom the County Defendants had no responsibility.  As defined by North Dakota Century Code § 32-03.2-01, "fault" includes negligence, reckless conduct, intentional conduct, absolute liability, assumption of risk, and failure to avoid injury.  In the alternative, any fault assessed against the County Defendants must be compared with the fault of anyone else whose fault contributed to the alleged damages.  Any recovery against the County Defendants must be limited

to its pro rata share of fault as may be determined and adjudged, and as further limited or barred by North Dakota Century Code Ch. 32-03.2.

### 10TH DEFENSE

**[¶65]**  Plaintiff failed to mitigate any of her alleged injuries or damages.

### 11TH DEFENSE

**[¶66]**  Some or all of Plaintiff's claims are barred by the applicable statutes of limitations, statutes of repose, principles of laches, failure to follow administrative procedures that may be applicable, estoppel, and/or waiver.

### 12TH DEFENSE

**[¶67]**  To the extent Plaintiffs seek to assert individual claims against Defendant Jahner, or any other County Defendant, those claims are barred by the provisions of N.D.C.C. ch. 32-12.1.

**[¶68]**  **WHEREFORE**, the County Defendants demand judgment dismissing Plaintiff's Complaint, in total and with prejudice, and awarding the County Defendants their costs, disbursements, attorneys' fees, and such other and further relief as may be deemed just and equitable under the circumstances.

**[¶69]**  **DATED** this 23rd day of January, 2026.

PEARSON CHRISTENSEN, PLLP

/s/ Daniel L. Gaustad
**DANIEL L. GAUSTAD,** ND #05282
**JOSEPH E. QUINN**, ND #06538
**MARIANNE O. KNUDSON,** ND #06308
**MARCUS C. SKONIECZNY,** ND #09062
**JAXEN J. BRATCHER,** ND #09796
24 North 4th Street
Grand Forks, ND 58203
Phone:  701-775-0521
dan@grandforkslaw.com
Attorneys for Defendant Jesse Jahner, individually and in his capacity as Cass County Sheriff; and Cass County, North Dakota

## DEMAND FOR JURY TRIAL

**[¶70]**   The County Defendants requests a jury of the maximum number of persons allowed to try all issues.

**[¶71]**   **DATED** this 23rd day of January, 2026.

PEARSON CHRISTENSEN, PLLP

 /s/ Daniel L. Gaustad
**DANIEL L. GAUSTAD,** ND #05282
**JOSEPH E. QUINN**, ND #06538
**MARIANNE O. KNUDSON,** ND #06308
**MARCUS C. SKONIECZNY,** ND #09062
**JAXEN J. BRATCHER**, ND #09796
24 North 4th Street
Grand Forks, ND 58203
Phone:  701-775-0521
dan@grandforkslaw.com
Attorneys for Defendant Jesse Jahner, individually and in his capacity as Cass County Sheriff; and Cass County, North Dakota